UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**Pamela M. Snyder, Esq. (PS4649)**
**BATHGATE, WEGENER & WOLF, P.C.**
One Airport Road
Lakewood, New Jersey 08701
Tel: (732) 363-0666
Fax: (732) 363-9864
Attorneys for Plaintiffs, JOHN and GINA HUGHES

| | |
|---|---|
| JOHN HUGHES and GINA HUGHES<br><br>                    Plaintiffs,<br><br>         v.<br><br>DELAWARE RIVER AND BAY AUTHORITY, DENNIS FLYNN, BRYAN HELM, ISIDORO SORACIE, MV NEW JERSEY, JOHN DOES 1-10, ABC CORPS. 1-10<br><br>                    Defendants. | Civil Action No.<br><br>**COMPLAINT IN ADMIRALTY (JONES ACT, MAINTENANCE and CURE, UNSEAWORTHINESS, NEGLIGENCE. LOSS OF CONSORTIUM), JURY DEMAND and DESIGNATION OF TRIAL COUNSEL** |

The plaintiffs, John Hughes and Gina Hughes, husband and wife residing in Bayville, Ocean County, New Jersey by way of Complaint against the Defendants, Delaware River and Bay Authority, a bi-state government agency, existing under and by virtue of the laws of the State of New Jersey and the State of Delaware with an office and place of business located at Route 295 and Route 9, New Castle, Delaware, ("Authority"), MV New Jersey, a motor vessel/ferry boat owned and/or operated by the Authority, Dennis Flynn, a resident of North Cape May, New Jersey, an employee of the Authority, and pilot of the MV New Jersey ("Pilot"), Bryan Helm, an employee of the Authority and supervisor/manager of the Cape May port ("Manager"), Isidoro Soracie, an employee of the Authority and supervisor/captain of the MV New Jersey ("Captain"), John Does 1-10, as yet unidentified persons, and ABC Corps. 1-10, as yet unidentified corporations says:

## PARTIES

1. At all relevant times, Plaintiffs, John and Gina Hughes were, and are, American citizens and residents of the State of New Jersey.

2. At all relevant times, Plaintiff John Hughes was an American able-bodied seaman residing in Bayville, New Jersey and was employed by defendant Delaware River and Bay Authority.

3. Upon information and belief, defendant Authority is a bi-state agency of the States of New Jersey and Delaware, with a Cape May-Lewes Ferry Division, and is, and at all times relevant was, engaged in the transportation of passengers and/or motor vehicles by ferry between Cape May, New Jersey and Lewes, Delaware and/or was the owner of MV New Jersey.

4. Upon information and belief, defendant MV New Jersey is a ferry boat that transports passengers and/or motor vehicles between Cape May, New Jersey and Lewes, Delaware and is owned and/or operated by Defendant Authority.

5. Upon information and belief, defendant Dennis Flynn is, and at all relevant times, was, an American citizen, an employee of Defendant Authority, and a Pilot of the MV New Jersey ("Pilot").

6. Upon information and belief, defendant Bryan Helm Flynn is, and at all relevant times, was, an American citizen, an employee of Defendant Authority, and a supervisor/manager of the port in which the MV New Jersey was docked at the time of the drill ("Manager").

7. Upon information and belief, defendant Isidoro Soracie is, and at all relevant times, was, an American citizen, an employee of Defendant Authority, and a captain of the MV New Jersey ("Captain").

s

## JURISDICTION AND VENUE

8. The United States District Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1333, 28 U.S.C. § 1916, and 46 U.S.C. § 30104 et seq.

9. Venue in the District of New Jersey is proper because Plaintiffs John and Gina Hughes reside in the State of New Jersey and the incident occurred while the MV New Jersey was docked in port in the waters off of Cape May, New Jersey.

10. Because, at all relevant times, Plaintiff John Hughes was an able-bodied seaman, he may bring this action without prepayment of costs, pursuant to 28 U.S.C. § 1916.

## FACTUAL ALLEGATIONS RELEVANT TO ALL CLAIMS

11. Upon information and belief, at all relevant times, defendant Authority is the owner and/or operator of a ferry boat, MV New Jersey.

12. Upon information and belief, at all relevant times, defendant Bryan Helm was the supervisor/manager of the port in which the MV New Jersey was docked at the time of the abandon ship drill.

13. Upon information and belief, at all relevant times, defendant Isidoro Soracie was the captain and/or operator of the ferry boat MV New Jersey.

14. Upon information and belief, at all relevant times, defendant Dennis Flynn was the pilot and/or operator of the ferry boat MV New Jersey.

15. Plaintiff is an able-bodied seaman by trade and prior to sustaining injuries on May 29, 2013, had worked for the Delaware River and Bay Authority for approximately fifteen (15) years, with ten (10) of those years as a permanent full-time employee.

16. The equipment necessary for the safe operation of the MV New Jersey includes, but is not limited to: rescue boat, rescue boat lifting bridle, rescue boat cradle, straps and grips.

17. On May 29, 2013, while the ferry boat MV New Jersey was docked in waters of the Delaware River and/or Delaware Bay off of Cape May, New Jersey, Plaintiff, in the course

of his employment, pursuant to orders and while in the performance of his duties, was participating in an abandon ship drill with the rescue boat.

18. The rescue zodiac boat attached to the MV New Jersey was previously attached to the MV Cape May and had recently been relocated to the MV New Jersey.

19. Upon information and belief, because the rescue boat was previously attached to the MV Cape May, it did not properly fit onto the cradle for the MV New Jersey.

20. Upon further information and belief, the rescue boat was not properly secured or attached to the MV New Jersey prior to the drill being conducted.

21. The abandon ship drill was conducted by Defendant Pilot Dennis Flynn, and it was mandated that Plaintiff John Hughes participate in that drill.

22. Upon information and belief, this was the first abandon ship drill that Defendant Pilot had conducted.

23. Upon information and belief, Defendant Captain was, or should have been, supervising the drill being conducted by Defendant Pilot.

24. During the course of the drill, the lifting bridle, straps, grips, and/or cradle for the port side rescue boat was slack, broken and/or had some other defect that caused the rescue boat to drop quickly and hard while Plaintiff John Hughes sat in the rescue boat pursuant to orders while participating in the mandated drill.

25. As the drill was being conducted, the recue boat in which Plaintiff John Hughes was sitting dropped approximately one (1) foot hard and fast, causing Plaintiff John Hughes to fall and slam his back into and onto the seat on the rescue boat.

26. Although Plaintiff John Hughes immediately notified the Pilot Dennis Flynn that he sustained injury to his back as a result of the rescue boat dropping hard and fast, the Pilot continued with the drill and insisted and commanded that Plaintiff John Hughes complete the drill.

27. Defendant Pilot resumed lowering the rescue boat.

28. As a result of the rescue boat dropping hard, Plaintiff John Hughes injured his back and legs; his injuries include, but are not limited to herniated discs and diffuse pain across his lower back, bursitis in his thigh, swelling, spasm and bruising.

29. Upon information and belief, defendants Authority, the Pilot, Manager and Captain knew or should have known of the defective and dangerous condition of the rescue boat, the rescue boat cradle, straps and grips.

30. Upon information and belief, defendants Authority, Manager, Captain and Pilot knew or should have known that the rescue boat was not properly secured before the commencement of the drill.

31. Upon information and belief, defendants Authority, Manager and Captain knew or should have known that Pilot Flynn was unfit to conduct the drill.

32. By reason of the injuries described above, Plaintiff John Hughes has been made incapable of performing the duties of an able-bodied seaman; he has suffered great physical and mental pain, and has incurred expenses for medicine, medical treatment, and rehabilitation, and has lost pay.

33. By reason of the injuries described above, Plaintiff John Hughes has not reached maximum cure, continues to suffer great physical and mental pain, needs additional medical treatment and will incur significant expense for such treatment.

34. By reason of the injuries described above, the physical and emotional relationship between Plaintiffs John and Gina Hughes has suffered.

35. Prior to his injuries, Plaintiff was a fully qualified and capable deck hand able to perform any task encompassed within the duties of a deck hand, and was capable of earning, and actually earned, the average approximate pay of $2,040.81 bi-weekly not including all the overtime which Plaintiff was customarily paid throughout the year, especially during the summer season.

36. As of the date of this complaint, Plaintiff believes and therefore alleges that he has been permanently, partially disabled and has suffered a permanent partial diminution in his earning capacity, which has resulted and which will continue to result in a loss of earnings throughout the remainder of his lifetime.

37. Further, as a result of the above-described injuries, Plaintiff Gina Hughes has been deprived of the society, companionship and consortium of her husband, John Hughes.

## COUNT ONE
### (Violation/Negligence under the Jones Act)

38. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 37 of the Complaint as if set forth at length herein.

39. At all relevant times, the Defendant Pilot was unfit to command/master the MV New Jersey and conduct the drill.

40. At all relevant times, the Defendant Pilot was negligent in his operation and command of the MV New Jersey and his conducting of the drill.

41. At all relevant times, Defendants Captain, Manager and Authority knew or should have known that the Defendant Pilot was unfit to command/master the MV New Jersey and conduct the drill.

42. At all relevant times, the Defendant Captain was negligent in his operation and command of the MV New Jersey and his supervision of crew members, including but not limited to Defendant Pilot.

43. At all relevant times, Defendants Captain and Manager were negligent in their supervision of Defendant Pilot and knew or should have known that the Defendant Pilot was unfit to conduct the drill.

44. At all relevant times, the Defendant Pilot conducted the abandon ship drill with the rescue boat knowing that the rescue boat was not properly secured and/or the bridle, cradle

and straps were defective, and improperly and negligently continued the drill with Plaintiff John Hughes after Plaintiff advised the Pilot of his injury.

45. Upon information and belief, at all relevant times, the Captain, Manager, Pilot and the Defendant Authority knew or should have known that the rescue boat, cradle, straps and/or grips were defective and/or unfit and failed to repair or replace said equipment.

46. Upon information and belief, at all relevant times, the Captain, Manager, Pilot and the Defendant Authority knew or should have known that the rescue boat was not properly cradled, secured, and/or attached to the MV New Jersey.

47. At all relevant times, the Captain, Manager, Pilot and Authority should not have conducted the drill with the defective equipment and should not have required Plaintiff John Hughes to sit in the rescue boat during the drill.

48. At all relevant times, the Captain, Manager, Pilot and Authority should not have attempted to lower the rescue boat with Plaintiff John Hughes sitting inside same while the cradle, straps, and/or grips were defective and/or when the rescue boat was not properly secured and/or attached to the MV New Jersey.

49. By reason of the foregoing, Defendants Captain, Manager, Pilot and Authority were negligent by failing to provide Plaintiff John Hughes with a safe place to work.

50. Defendants Captain, Manager, Pilot and Authority were negligent by failing to provide the proper equipment including a proper rescue boat, cradle, straps and/or grips.

51. Defendants Captain, Manager, Pilot and Authority were negligent by failing to provide equipment and appurtenances that were reasonably fit for their intended use.

52. Defendants Captain, Manager, Pilot and Authority were negligent by failing to ensure that the rescue boat was properly and securely cradled before the drill.

53. Defendants Captain, Manager, Pilot and Authority were negligent by failing to warn Plaintiff John Hughes that the rescue boat, the cradle and straps were in a dangerous condition and unfit for use.

54. Defendant Authority was negligent in failing to provide a seaworthy vessel for Plaintiff.

55. Defendants Captain, Manager, Pilot and Authority were negligent in failing to use ordinary care to maintain the vessel, its equipment and appurtenances in a reasonably safe condition.

56. By reason of the negligence of defendants Captain, Manager, Pilot and Authority in violation of 46 U.S.C. § 30104 et seq., and the unseaworthiness of the vessel, Plaintiff John Hughes's injuries were proximately caused thereby, and Plaintiff John Hughes sustained serious injuries.

**WHEREFORE**, Plaintiffs pray that judgment be entered against defendants Delaware River and Bay Authority, the MV New Jersey, Dennis Flynn, Bryan Helm and Isidoro Soracie for an order awarding:

(a) actual and compensatory damages;

(b) incidental and consequential damages;

(c) prejudgment loss of wages;

(d) loss of future wage earning capacity;

(e) pain, suffering and loss of life's enjoyments;

(f) past and future medical expenses;

(g) future medical treatment;

(h) pre- and post-judgment interest;

(i) attorney's fees, expenses and costs of suit; and

(j) such other and further relief as this Court may deem just and equitable.

## COUNT TWO
**(Unseaworthiness)**

57. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 56 of the Complaint as if set forth at length herein.

58. Because the MV New Jersey contained a defective rescue boat, cradle, straps and/or grips that were an integral component of the ferry boat MV New Jersey, and that were not reasonably fit for their intended use, the ferry boat MV New Jersey was unseaworthy.

59. Because the rescue boat was not properly secured to the MV New Jersey, the rescue boat, and by extension the MV New Jersey, was not reasonably fit for their intended use and were unseaworthy.

**WHEREFORE**, Plaintiff prays that judgment be entered against defendants Delaware River and Bay Authority, the MV New Jersey, Dennis Flynn, Bryan Helm and Isidoro Soracie for an order awarding:

    (a) actual and compensatory damages;

    (b) incidental and consequential damages;

    (c) prejudgment loss of wages;

    (d) loss of future wage earning capacity;

    (e) pain, suffering and loss of life's enjoyments;

    (f) past and future medical expenses;

    (g) future medical treatment;

    (h) pre- and post-judgment interest;

    (i) attorney's fees, expenses and costs of suit; and

    (j) such other and further relief as this Court may deem just and equitable.

## COUNT THREE
### (Maintenance and Cure)

60. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 59 of the Complaint as if set forth at length herein.

61. Plaintiff John Hughes has been unable to work and perform all duties of an able-bodied seaman as a result of the injuries suffered on the ferry boat MV New Jersey; Defendant

Delaware River and Bay Authority failed to pay to Plaintiff the proper amount of maintenance or to pay for all of his medical expenses and treatment, past and future.

62. Notwithstanding that he was, and has been, unable to work and perform all duties of an able bodied seaman as a result of the injuries suffered on the MV New Jersey, Defendant Authority has failed to provide Plaintiff John Hughes with all necessary medical treatment.

63. Because of the actions of the defendant Delaware River and Bay Authority in failing to provide adequate maintenance and cure benefits Plaintiff John Hughes is entitled to damages and attorney's fees.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant Delaware River and Bay Authority for an order awarding:

(a) actual and compensatory damages;

(b) incidental and consequential damages;

(c) prejudgment loss of wages;

(d) loss of future wage earning capacity;

(e) pain, suffering and loss of life's enjoyments;

(f) past and future medical expenses;

(g) future medical treatment;

(h) pre- and post-judgment interest;

(i) attorney's fees, expenses and costs of suit; and

(j) such other and further relief as this Court may deem just and equitable.

## COUNT FOUR
### (General Negligence)

64. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 63 of the Complaint as if set forth at length herein.

65. Defendants Delaware River and Bay Authority, the Captain, Manager and Pilot had a duty to provide the proper equipment to the crew of the ferry boat MV New Jersey.

66. Defendants Delaware River and Bay Authority, the Captain, Manager and Pilot had a duty to ensure that the proper equipment was generally maintained, repaired and fit for its intended use.

67. Defendants Delaware River and Bay Authority, Captain, Manager and Pilot, also had a duty to terminate the drill and/or permit Plaintiff John Hughes to terminate his participation in the drill upon being advised that Plaintiff John Hughes had injured his back during the drill.

68. Among the proper equipment that defendant Authority had a duty to provide were a rescue boat, cradle, straps and grips.

69. Defendants Authority, Captain, Manager and Pilot breached that duty by failing to properly maintain and/or repair and/or replace the rescue boat, cradle, straps and/or grips and/or by failing to properly secure and attach the rescue boat to the MV New Jersey.

70. By reason of the negligence of Defendants Authority, Captain, Manager and Pilot, Plaintiff John Hughes sustained serious injuries proximately caused thereby.

**WHEREFORE**, Plaintiffs pray that judgment be entered against defendants Delaware River and Bay Authority, the MV New Jersey, Dennis Flynn, Bryan Helm and Isidoro Soracie for an order awarding:

(a) actual and compensatory damages;

(b) incidental and consequential damages;

(c) punitive damages;

(d) prejudgment loss of wages;

(e) loss of future wage earning capacity;

(f) pain, suffering and loss of life's enjoyments;

(g) past and future medical expenses;

(h) future medical treatment;

(i) pre- and post-judgment interest;

(j) attorney's fees, expenses and costs of suit; and

(k) such other and further relief as this Court may deem just and equitable.

## COUNT FIVE
### (Loss of Consortium)

71. Plaintiffs John Hughes and Gina Hughes repeat and reallege the allegations contained in Paragraphs 1 through 70 of the Complaint as if set forth at length herein.

72. Plaintiff, Gina Hughes, is the wife of the plaintiff, John Hughes.

73. At all times prior to the accident complained of, plaintiff John Hughes, was capable and did perform all of the duties of a husband.

74. Because of the carelessness and negligence of the defendants, and the unseaworthiness of the MV New Jersey, and as a result of the injuries sustained by Plaintiff John Hughes, said plaintiff has been unable to perform the duties of a husband and as a result thereof, the plaintiff, Gina Hughes has been deprived of the society, companionship and consortium of her husband, the plaintiff, John Hughes.

**WHEREFORE**, Plaintiffs pray that judgment be entered against defendants Delaware River and Bay Authority, the MV New Jersey, Dennis Flynn, Bryan Helm and Isidoro Soracie for an order awarding:

(a) actual and compensatory damages;

(b) incidental and consequential damages;

(c) punitive damages;

(d) prejudgment loss of wages;

(e) loss of future wage earning capacity;

(f) pain, suffering and loss of life's enjoyments;

(g) past and future medical expenses;

(h) future medical treatment;

(i) pre- and post-judgment interest;

(j)  attorney's fees, expenses and costs of suit; and

(k)  such other and further relief as this Court may deem just and equitable.

## COUNT SIX
### (Claims against Fictitious Parties)

75.  Plaintiffs John Hughes and Gina Hughes repeat and reallege the allegations contained in Paragraphs 1 through 74 of the Complaint as if set forth at length herein.

76.  All of the aforementioned conduct and causes of action are also alleged against John Does 1-10 and ABC Corps. 1-10, fictitious parties, as they may have participated in the conduct and activities.

77.  As a proximate result of the aforesaid acts of the defendants John Does 1-10 and/or ABC Corps 1-10 which were taken intentionally and/or recklessly and/or outrageously, and/or maliciously, and/or wantonly and/or willfully and/or were done in a reckless disregard for Plaintiff, plaintiff has been injured and suffered damages.

**WHEREFORE**, the Plaintiffs demand judgment against defendant John Does 1-10 and/or ABC Corporations 1-10, individually, jointly, severally and/or in the alternative, for actual and compensatory damages, incidental and consequential damages, punitive damages, interest and costs of suit, and such further relief as the Court may deem equitable and just under any of the theories of liability asserted against defendants Delaware River and Bay Authority, the MV New Jersey, Dennis Flynn, Bryan Helm and Isidoro Soracie.

                                                **BATHGATE WEGENER & WOLF, P.C.**
                                                Attorneys for the Plaintiffs
                                                John Hughes and Gina Hughes

                                                By: /s/ Pamela M. Snyder

May 28, 2015                                 PAMELA M. SNYDER

## CERTIFICATION REGARDING OTHER ACTIONS

Pursuant to Local Civil Rule 11.2, I, PAMELA M. SNYDER does hereby certify that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceedings.

## DESIGNATION OF TRIAL COUNSEL

PAMELA M. SNYDER, ESQ. is hereby designated as trial counsel on behalf of the plaintiff in the within matter.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury as to all issues raised herein.

**BATHGATE WEGENER & WOLF, P.C.**
Attorneys for the Plaintiffs JOHN HUGHES and GINA HUGHES


By:   /s/ Pamela M. Snyder
         PAMELA M. SNYDER

May 28, 2015